UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHAWN JOSEPH,

                        Plaintiff,

-v-

NASA, SPRINGER NATURE AMERICA INC., and SPRINGER NATURE ACADEMIC PUBLISHING LLC,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/2022

No. 22-cv-466 (MKV)

ORDER DENYING MOTION
TO SET ASIDE JUDGMENT

MARY KAY VYSKOCIL, District Judge:

Before the Court is the motion of *pro se* Plaintiff Rhawn Joseph to set aside the judgment issued by another court in this district dismissing his complaint in a previous case [ECF No. 12]. For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

Plaintiff Rhawn Joseph, Ph.D., proceeding *pro se*, is a scientist who contends that he has discovered evidence of possible life on Mars and that the defendants—NASA and an academic publisher, Springer Nature Academic Publishing Inc. and Springer Nature America Inc.—have conspired to cover up his discoveries, to defraud Dr. Joseph, the public, and the court, to defame and discredit Dr. Joseph, and to commit a host of other purported constitutional, civil, and criminal violations [ECF No. 1 ("Cmpl.")]. Dr. Joseph's claims arise out of the decision of a scientific journal owned by Springer Nature to retract his articles about possible extraterrestrial life. Cmpl. ¶¶ 3, 4. Dr. Joseph previously sued the Springer Nature defendants for breach of contract and libel, among other claims, based on the same retractions. *Joseph v. Springer Nature*, 20-cv-4673 (JPC-GWG) (S.D.N.Y). Judge Cronan dismissed Dr. Joseph's previous case, and the Second

1

Circuit affirmed. *Joseph v. Springer Nature America Inc.*, 2021 WL 6105369 (2d Cir. Dec. 21, 2021); *Joseph v. Springer Nature*, 2021 WL 1372952 (S.D.N.Y. Apr. 12, 2021).

In dismissing the previous case, Judge Cronan explained that when Dr. Joseph submitted his articles for publication, he entered into click-through agreements with the Springer Nature defendants that permitted retractions. *See Joseph v. Springer Nature*, 2021 WL 1372952, at *5. In opposing the motion to dismiss, Dr. Joseph argued at that time that he "never signed, never saw, never read, and ha[d] no knowledge of any such agreement." *Id*. Dr. Joseph also specifically argued that "none of these agreements exist[ed]," *i.e.* that the defendants fabricated them in connection with their motion to dismiss, because Dr. Joseph "conducted Googled searches" of the phrases authorizing retraction, and "the results of the searches did not include a Springer or Springer Nature website." *Id*. Judge Cronan rejected these arguments as "frivolous." *Id*. Judge Cronan explained that Dr. Joseph's contention that he never entered into such agreements were "in complete contradiction with" Dr. Joseph's allegations in his own complaint that he entered into agreements with the defendants, Dr. Joseph's own citation to authority that "the click of a button accepting a license's terms serves as proof of a contractual agreement," and Dr. Joseph's assertion of claims for breach of contract based on the agreements. *Id*. Judge Cronan further explained that merely because Dr. Joseph "did not find the agreements in a list of search engine results on the Internet does not mean they do not exist." *Id*.

Before the Second Circuit, Dr. Joseph filed motions to supplement the record on appeal and to set aside the judgment of the district court dismissing his case, pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, based on supposed evidence that the defendants had submitted a "fake and fraudulent" copy of the click-through agreement in connection with their motion to dismiss. *Joseph v. Springer Nature Am. Inc.*, 2021 WL 6105369, at *2. The Second

Circuit denied the motion to supplement the record because Dr. Joseph had not shown that any party had omitted material evidence "by error or accident." *Id.* (quoting Fed. R. App. P. 10(e)(2)). The Second Circuit denied Dr. Joseph's motion to set aside the judgment because such a motion had to be "brought before the trial court in the first instance." *Id*.

After the Second Circuit affirmed the dismissal of his previous case, Dr. Joseph filed this action[1] and a motion to set aside the judgment of the district court dismissing his previous case, pursuant to Rule 60(d)(3), for fraud on the court [ECF No. 12 ("Mot.")].  In his motion, Dr. Joseph again argues that the Springer Nature defendants filed a "fake and fraudulent 'click through agreement,'" to which he never agreed, with the district court in the previous case.  Mot. at 5, 6. He again argues that Google searches prove that the agreements submitted in connection with the motion to dismiss did not exist at the time of his dealings with the Springer Nature defendants. Mot. at Exhibits 5 and 6.  He argues that the version the Springer Nature defendants filed "is so obviously fake only an imbecile would judge it to be legitimate," since it "is devoid of any means to 'click,' 'check,' sign or signify agreement," and that "Springer Nature's attorneys . . . have now admitted that Plaintiff could never have agreed to the click through agreement they filed with the Court" and, therefore "admitted to . . . fraud."  Mot. at 5, 22.

The Springer Nature defendants responded with a letter seeking leave to file a motion to dismiss the complaint in this case based on "*res judicata* and/or collateral estoppel" and "failure to state a plausible claim for relief" [ECF No. 16].  The Springer Nature defendants also requested that this Court consolidate briefing on Dr. Joseph's motion to set aside the judgment dismissing his previous case with briefing on their contemplated motion to dismiss [ECF Nos. 14, 16].  NASA also filed a pre-motion letter seeking leave to file a motion to dismiss [ECF No. 18].  NASA argues

---

[1] Dr. Joseph filed a statement of relatedness, indicating that the new case was related to the previous case [ECF No.1-1]; however, it was not assigned to Judge Cronan as a related case.

that Dr. Joseph's complaint is deficient under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure because, instead of providing a short and plain statement showing that Dr. Joseph is entitled to relief, the complaint alleges an "implausible" if not "delusional" conspiracy to silence Dr. Joseph as part of a "'get-rich' scam" predicated on "secretly transport[ing] Martian organisms, and their DNA, to Earth" [ECF No. 18 at 1–2 (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)) and Cmpl. ¶ 1)]. NASA also asserts that Dr. Joseph's claims against NASA are barred by sovereign immunity and that Dr. Joseph otherwise fails to plead the elements of any claim on which relief may be granted.

In responses to Defendants' pre-motion letters, Dr. Joseph stated that he "know[s] full well" that this case will be dismissed because "The Court, NASA, and the DOJ would never allow this case to go to trial" [ECF Nos. 17, 19 at 1]. He asserts that Judge Cronan "aided and abetted fraud against the court" by ignoring Dr. Joseph's evidence that "the 'click through' agreement was fake, that it was impossible to sign, and that [Dr. Joseph] had never seen it before, . . . [and] a google search failed to locate a copy on any website" [ECF No. 17 at 2]. Comparing himself to Galileo, Dr. Joseph contends that the attorneys for NASA describe his claims as delusional because they are "ignoramuses" and "they are delusional" [ECF No. 19 at 1]. Dr. Joseph further states, "I decline the opportunity to amend as I know an amended complaint will also be dismissed. I won't appeal the Court's decision to dismiss" [ECF No. 19 at 1].

## II. DISCUSSION

The Court has carefully reviewed Dr. Joseph's complaint in this case, his motion to set aside the judgment dismissing his previous case, the decision of the district court in his previous case, the decision of the Second Circuit in his previous case, and the parties' letters to this Court about Dr. Joseph's motion to set aside the judgment and Defendants' contemplated motions to

dismiss the complaint in this case. After the Court's careful review, no further briefing on the motion to set aside the judgment is necessary. Since Dr. Joseph is proceeding *pro se*, the Court construes his submissions "liberally" and interprets them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). However, even a *pro se* submission must offer a plausible basis for relief. *Id.*

Dr. Joseph's motion to set aside the judgment of the district court dismissing his previous case, pursuant to Rule 60(d)(3), for fraud on the Court is DENIED. As a threshold matter, the Court seriously doubts that, in this circumstance, it has any power to grant Dr. Joseph relief from a judgment that was issued by another district court and affirmed by the Court of Appeals. When the Second Circuit instructed Dr. Joseph that a "Rule 60 motion seeking relief from a judgment alleged to have been obtained by fraud should be brought before the trial court in the first instance," the court of appeals clearly meant that Dr. Joseph should have filed the motion in his previous district court case, before Judge Cronan. *Joseph v. Springer Nature Am. Inc.*, 2021 WL 6105369, at *2. Instead, Dr. Joseph filed a new case that asserts new claims against a new defendant, and he filed this motion to vacate the prior judgment after the new case was assigned to me. In general, a Rule 60 motion is an opportunity for a district court "to correct [its] own" judgment, not an invitation for a second district court to review the work of the first. *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). Thus, even if Dr. Joseph intended to follow the Second Circuit's instructions with respect to his Rule 60 motion, this Court likely lacks the power to grant it.

Even if this Court had the power to grant relief from a judgment issued by another district court, Dr. Joseph does not offer any plausible basis to conclude that the judgment dismissing his case was obtained by fraud. A fraud on the court occurs when a party intentionally lies to the court and thereby hinders the court's ability to properly adjudicate the matter before it. *See Passlogix,*

5

*Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010); *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002). It is clear from Dr. Joseph's own submissions and from the decision dismissing the previous case that Judge Cronan was well aware of Dr. Joseph's contention that the Springer Nature defendants had filed a fake agreement to which Dr. Joseph never agreed. *See Joseph v. Springer Nature*, 2021 WL 1372952, at *5 (rejecting Dr. Joseph's arguments that the agreements submitted in connection with the motion to dismiss did not "exist"); Mot. at 6 (arguing that Judge Cronan "chose to ignore . . . that the 'click through' agreement was fake") [ECF No. 17 at 2 (arguing that Judge Cronan "aided and abetted fraud against the court" by ignoring Dr. Joseph's evidence that "the 'click through' agreement was fake"); *see also* Cmpl. ¶ 15 (alleging that the "Federal Judiciary . . . inexplicably legaliz[ed] an obviously fake 'click through' contract"). In the light of Dr. Joseph's contention that Judge Cronan knew about the supposed problems with the agreement the Springer Nature defendants filed, Dr. Joseph cannot sustain a claim that Judge Cronan was defrauded. *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).

Furthermore, Dr. Joseph has not offered any new evidence or arguments to show that the click-through agreements submitted in the previous case were fake, and this Court agrees with Judge Cronan's evaluation of the arguments he raised in the previous case. Dr. Joseph's Google searches do not prove anything. Dr. Joseph asserts in his motion before this Court that counsel for the Springer Nature "have now admitted" that, in the previous case, they submitted a fraudulent click-through agreement to which Dr. Joseph could not have agreed. Mot. at 5, 22. But Dr. Joseph's own submissions disprove that assertion. Dr. Joseph included as an attachment to his motion the supposed admission [ECF No. 12 at 47]. In opposing Dr. Joseph's motion to the Second Circuit to supplement the record on appeal, counsel explained: "The click-through agreement

submitted with Defendants' motion to dismiss is a plain-text rendering of the agreement as stored on Defendants' servers following Dr. Joseph's acceptance" with his "name and [the] time-stamp of his clicking his acceptance." Mot. at 47. The plain-text file "does not include the full HTML code" that displays "Springer logos, headers, and most importantly here, the 'accept' button or 'check box.'" *Id.* Far from an admission of fraud, counsel's explanation fully supports Judge Cronan's conclusion that Dr. Joseph's arguments were frivolous. Accordingly, Dr. Joseph's Rule 60 motion is DENIED.

As noted above, Dr. Joseph represents that he does not wish to amend his complaint because he believes amendment would be futile. Dr. Joseph is free voluntarily to dismiss this case. If he wishes to prosecute his claims, however, this Court will interpret his pleading and other submissions "to raise the strongest arguments that they suggest." *Meadows*, 963 F.3d at 243. To that end, IT IS HEREBY ORDERD that by August 11, 2022, Dr. Joseph shall file a letter informing the Court and the defendants whether he wishes to amend his complaint. **This will be his last opportunity to amend in response to any issue raised in the pre-motion letters.**

If Dr. Joseph elects to amend, he shall file the amended complaint by August 25, 2022. Defendants shall respond within 14 days. If they respond with motions to dismiss, Dr. Joseph shall file any opposition by November 7, 2022. Any reply is due November 14, 2022. If Dr. Joseph elects not to amend, Defendants shall file their contemplated motions to dismiss by August 25, 2022. Any opposition is due October 24, 2022. Any reply is due October 31, 2022.

**The parties are on notice that failure to comply with court orders, including failure to meet the deadlines set forth above, may result in sanctions, including dismissal for failure to prosecute.**

The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 12, 14, and 18.

**SO ORDERED.**

Date: July 28, 2022
New York, NY

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**